IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 11-00101-01-CR-W-ODS |
| ANDREW M. JONES, | ) ) ) |
| Defendant. | ) ) |

## TRIAL ORDER

Present for a scheduling conference held on **May 12, 2011,** were Andrew Jones, and his counsel, Laine Cardarella, and counsel for the government, Katharine Fincham. As a result of discussions at the scheduling conference, the following trial setting and deadlines for pretrial filings are established:

### I. TRIAL SETTING

At the scheduling conference, defense counsel requested a continuance of the trial setting. As a result of the parties' discussion at the conference and a motion filed by defense counsel, the case is set for trial on the Joint Criminal Jury Trial Docket commencing on **January 9, 2012.** A final pretrial conference is set for **December 20, 2011.**

The Speedy Trial Act of 1974, as amended, mandates the commencement of the trial of a defendant within seventy days from the defendant's first appearance before a judicial officer of the court in which the charge is pending. In computing the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice

1

served by the taking of such action outweigh the best interests of the public and the defendant in a speedy trial, provided the Court sets forth the reason for such finding. See 18 U.S.C. § 3161(h)(8)(A).

Given the reasons set forth in the motion for continuance and the parties' discussion at the scheduling conference, the Court finds that it would be unreasonable to expect defense counsel to prepare this case adequately for trial prior to January 9, 2012, and that failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation and, thus, would deny the defendant the right to effective assistance of counsel. The Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial.

Based on the foregoing, defendant's Motion for Continuance is granted. This case is removed from the Joint Criminal Jury Trial Docket which commences June 27, 2011, and is set for trial on the Joint Criminal Jury Trial Docket which commences January 9, 2012. Pursuant to 18 U.S.C. § 3161(h), the time between the date of this Order and January 20, 2012, the last date of the January 9, 2012 Joint Criminal Jury Trial Docket, shall be excluded in computing the time within which this trial must commence.

## II.  PRETRIAL FILINGS

### A.  PRETRIAL MOTIONS

**On or before August 31, 2011,** the parties shall file any relevant pretrial motions. Any suggestions in opposition shall be filed **within fourteen days from the date the motion is filed.**

### B.  RELEVANT OFFENSE CONDUCT

**Within ten days of trial or a change of plea hearing**, the government is directed to

2

disclose all information in its possession on which it will rely to establish "relevant offense conduct" or to establish an upward departure under the Federal Sentencing Guidelines.

**C.   RULE 404(b) EVIDENCE**

The government is directed to provide written notice of all prior and subsequent acts and convictions intended to prove knowledge, intent or other elements identified in Rule 404(b) of the Federal Rules of Evidence **no later than thirty days prior to trial.**

**D.   EXPERT WITNESSES**

  **1.   RULE 16 EXPERTS**

  a.   **No later than ten days prior to the pretrial conference,** the government shall disclose to the defendant a written summary of testimony that the Government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. The written summary should identify the witnesses, describe the witnesses' opinions, the bases and the reasons for the opinions, and the witnesses' qualifications.

  b.   **No later than five days prior to the pretrial conference,** defendant shall disclose to the government a written summary of testimony that the defendant intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence as evidence at trial. The written summary should identify the witnesses, describe the witnesses' opinions, the bases and the reasons for the opinions, and the witnesses' qualifications.

  **2.   MENTAL HEALTH EXPERTS/EVIDENCE**

  a.   **On or before the date set for filing pretrial motions,** the defendant shall file a notice in writing which complies with the requirements of Rule 12.2 of the Federal Rules of Criminal Procedure stating:

   (1)   Whether the defendant intends to rely upon the defense of insanity at the time of the alleged offense; and
   (2)   Whether the defendant intends to introduce expert testimony relating to a mental disease or defect or any other mental condition of the defendant bearing upon the issue of guilt.

  b.   If the defendant gives notice under Rule 12.2(b) of an intent to present expert testimony on defendant's mental condition, **within two weeks of giving notice under Rule 12.2,** the defendant shall identify the experts and provide a summary of the witnesses' opinions, the bases and reasons for those opinions and the witnesses' qualifications.

3

c. **Within thirty days of the filing of defendant's notice of intent to rely on testimony on defendant's mental condition,** the government shall disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703, or 705 as evidence at trial on the issue of the defendant's mental condition. The summary shall describe the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

E. **WITNESS LISTS**

The government and the defendant are directed to supply in writing witness lists which shall include the name and address of each witness whom counsel intends to call in its case-in-chief, together with any record of prior felony convictions for such witness, **no later than the Friday prior to the pretrial conference**. If a new witness is discovered after counsel prepares its witness list, either prior to trial or during trial, counsel shall promptly notify opposing defense and provide the discovery identified above.

1. **WITNESS INDUCEMENTS**

    **No later than the Friday before the pretrial conference,** the government is directed to provide written disclosure of: (a) the names(s) and address(es) of the witness(es) to whom the government has made a promise; (b) all promises or inducements made to any witness(es); (c) all agreements entered into with any witness(es); and (d) the amount of money or other remuneration given to any witness(es).

2. **INFORMANTS**

    Unless the government has made a claim of privilege as to an informant, **no later than the Friday before the pretrial conference,** the government is directed to provide: (a) the name(s) and address(es) of the informant(s); (b) all promises or inducements to the informant(s); (c) all agreements entered into with the informant(s); (d) the amount of money or other remuneration given to the informant(s); (e) identification of the informant's prior testimony; (f) evidence of psychiatric treatment; (g) evidence of the informant's narcotic habit; and (h) the name, address and phone number for the lawyer(s) for the informant(s) if represented by counsel. If an informant objects to the disclosure of his or her address, the government shall produce the informant to defense counsel for a determination of whether or not the informant will consent to an interview.

F. **EXHIBIT LISTS**

The government and the defendant are directed to supply in writing exhibit lists which

shall include a description of each exhibit, pre-marked for identification, that counsel intends to offer in its case-in-chief **no later than the Friday prior to the pretrial conference.**

G. **MOTIONS IN LIMINE**

**No later than the Friday prior to the pretrial conference,** the parties should file any motions in limine seeking to exclude evidence from trial. Any suggestions in opposition to the motions in limine should be filed **within five days** after the motion is filed.

H. **STIPULATIONS**

Any proposed stipulations should be provided in writing to opposing counsel and the Court **no later than the Friday before the pretrial conference.**

I. **STATEMENTS PRESENTING BRUTON ISSUES**

As there are no co-defendants in this case, Bruton does not apply.

**IT IS SO ORDERED.**

/s/ *Sarah W. Hays*
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE