IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-00101-01-CR-W-ODS |
| ) | |
| ANDREW M. JONES, ) | |
| ) | |
| Defendant. ) | |

ORDER CONTINUING TRIAL

On April 20, 2011, the Grand Jury returned a three-count indictment against defendant Andrew M. Jones. Count One of the indictment charges that between May 21, 2008, and June 12, 2008, defendant Jones attempted to receive child pornography over the internet. Count Two charges that on June 20, 2008, defendant Jones received child pornography over the internet. Count Three charges that on August 11, 2009, defendant Jones possessed child pornography.

A scheduling conference was held before U.S. Magistrate Judge Sarah W. Hays on May 12, 2011, during which defense counsel requested that this case be set for trial on the joint criminal jury trial docket commencing January 9, 2012.

On December 15, 2011, defendant Jones filed a Motion for Continuance with Suggestions. The motion requests a continuance to the joint criminal jury trial docket commencing February 13, 2012. The suggestions in support of the motion state that the parties have engaged in plea negotiations, which has highlighted an issue for defense counsel that is still in need of investigation. Counsel for the government does not oppose the requested continuance.

The Speedy Trial Act of 1974, as amended, mandates the commencement of the trial of a defendant within seventy days from the defendant's first appearance before a judicial officer of the

court in which the charge is pending. In computing the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the best interests of the public and the defendant in a speedy trial, provided the Court sets forth the reason for such finding. See 18 U.S.C. § 3161(h)(7)(A).

Given the issues outlined above, the Court finds that it would be unreasonable to expect defense counsel to prepare this case adequately for trial prior to February 13, 2012, and that failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation and, thus, would deny the defendant his right to effective assistance of counsel. The Court finds the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial. Based on the foregoing, it is

ORDERED that defendant Jones' Motion for Continuance (doc #16) is granted. This case is removed from the joint criminal jury trial docket which commences January 9, 2012. It is further

ORDERED that this case is set for trial on the joint criminal jury trial docket which commences February 13, 2012. It is further

ORDERED that, pursuant to 18 U.S.C. section 3161(h), the time between the date of this Order and February 24, 2012, the last day of the February 13, 2012 Joint Criminal Jury Trial Docket, shall be excluded in computing the time within which this trial must commence.

       */s/ Ortrie D. Smith*
       ORTRIE D. SMITH
       UNITED STATES DISTRICT JUDGE

Date: December 22, 2011