IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-00101-CR-W-ODS |
| | ) | |
| ANDREW M. JONES, | ) | |
| | ) | |
| Defendant. | ) | |

### PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

**1. The Parties.** The parties to this agreement are the United States Attorney's Office ("USAO") for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Beth Phillips, United States Attorney, and Katharine Fincham, Assistant United States Attorney, and the defendant, Andrew M. Jones ("the defendant"), represented by Assistant Federal Public Defender Laine T. Cardarella.

The defendant understands and agrees that this plea agreement is only between him and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

**2. Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to Count Two of the indictment charging him with a violation of 18 U.S.C. § 2252(a)(2), that is, Receipt of Child Pornography. By entering into this plea agreement, the defendant admits that he knowingly committed this offense, and is in fact guilty of this offense.

**3. Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offense to which the defendant is pleading guilty include the following:

On August 11, 2009, members of the Greenwood, Missouri Police Department followed an anonymous tip and conducted a "knock and talk" at 509 Hamblen Road, Greenwood, Missouri, where Andrew M. Jones lived. A detective asked Andrew for consent to search his computer and told him he was looking for child pornography[1] on it. Andrew said he had just recently deleted all of the child pornography off of his laptop, and that the officers could take it and search it. Andrew signed a Consent to Search Form.

At the scene, Andrew said he had a problem with looking at child pornography and wanted to be taken to police headquarters for questioning.

At the station, the detective advised Andrew of his Miranda rights, which Andrew waived in writing. The subsequent interview was audiotaped. Andrew admitted that he had formerly admitted to the detective at his house that there was child pornography on his computer and that he had been looking at child pornography since his mid-teens, knowing it was child pornography. Andrew then admitted to knowingly downloading child pornography. He said he used the file-sharing program, Limewire, and browsing of websites to find child pornography. Andrew said that there were two computers at home that might contain child pornography. Andrew signed a second Consent to Search form for these two computers.

All of the computers and their component parts were manufactured outside the State of Missouri.

---

[1] At all times in this pleading the phrase, "child pornography," is used as shorthand for *visual depictions* of actual *minors* engaged in *sexually explicit conduct*, as those italicized terms are defined in 18 U.S.C. § 2256.

The defendant's laptop contained approximately 25 images, mostly of pre-pubescent child pornography, all in unallocated space.

More child pornography was found on the hard drive of one of the two computers subsequently retrieved from the home. The images included movies of child pornography found in the "Limewire/Saved" folder, with file creation dates ranging from approximately May 22 to June 11, 2008.

Several movies were also found along the file path, "Andy/My Documents/My Received Files/My Pictures." One of these was entitled, "Girl Spanked.avi." It depicts a nude prepubescent being caned, with multiple lascivious shots of her genitals. The girl is obviously in pain. It's file creation date is June 20, 2008. This video is the basis for Count Two of the indictment, and the count of conviction.

Along the same file path the defendant saved images that included toddlers being penetrated with foreign objects, or attempting to be penetrated by adult penises. Investigators also found images of prepubescent girls in bondage or otherwise painful scenarios.

**4. Use of Factual Admissions and Relevant Conduct.** The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining his guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges, understands and agrees that all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charge to which he is pleading guilty.

**5. Statutory Penalties.** The defendant understands that upon his plea of guilty to Count Two of the indictment charging him with Receipt of Child Pornography, **the minimum penalty the Court may impose is five (5) years of imprisonment.** The maximum penalty the Court may impose is not more than twenty (20) years of imprisonment, a $250,000 fine, from five years to life of supervised release, an order of restitution, and a $100 mandatory special assessment, **which must be paid in full at the time of sentencing**. The defendant further understands that this offense is a Class C felony.

**6. Sentencing Procedures.** The defendant acknowledges, understands and agrees to the following:

    a. In determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range, unless the sentence imposed is "unreasonable";

    b. The Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

    c. In addition to a sentence of imprisonment, the Court may impose a term of supervised release of up to life; that the Court must impose a period of supervised release if a sentence of imprisonment of more than one year is imposed, and in defendant's case, the Court must impose a period of supervised release of at least 5 years;

    d. If the defendant violates a condition of his supervised release, the Court may revoke his supervised release and impose an additional period of imprisonment of up to 3 years without credit for time previously spent on supervised release. However, if the Court revokes the supervised release because the defendant committed a criminal offense under chapter 109A, 110 [child pornography offenses] or 117 or Section 1201 or 1591 of Title 18 of the United States Code, the Court will impose an additional period of imprisonment of 5 years without credit for time previously spent on supervised release. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release, the length of which cannot exceed life, less the term of imprisonment imposed upon revocation of the defendant's first supervised release;

e. The Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range;

f. Any sentence of imprisonment imposed by the Court will not allow for parole;

g. The Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office;

h. The defendant may not withdraw his guilty plea solely because of the nature or length of the sentence imposed by the Court;

i. The defendant agrees that the United States may institute civil, judicial or administrative forfeiture proceedings against all forfeitable assets in which the defendant has an interest, and that he will not contest any such forfeiture proceedings;

j. The defendant agrees to forfeit all interests he owns or over which he exercises control, directly or indirectly, in any asset connected to the charged offenses or relevant conduct, including but not limited to the following specific property: a silver and black Dell Inspiron Laptop, Model H5898A03, SN (01) 0789834980528; and two white computers of unknown make or model, seized on August 11, 2009. With respect to any asset which the defendant has agreed to forfeit, the defendant waives any constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the United States Constitution.; and

k. The defendant states that he is the sole and rightful owner of the property specified in paragraph "j" above. He states that to the best of his knowledge no one else has any ownership or other interest in the property. In the event any federal, state or local law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value or for any other reason, the defendant hereby abandons any interest he has in such property and consents to the destruction or any other disposition of the property by the federal, state or local agency without further notice or obligation whatsoever owing to the defendant.

**7. Government's Agreements.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against defendant for any federal criminal

offenses related to the possession, distribution, or receipt of child pornography for which it has venue and which arose out of the defendant's conduct in the course of the investigation of this case. The Government also agrees to dismiss Counts One and Three of the indictment at the time of sentencing.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant expressly waives his right to challenge the initiation of the dismissed or additional charges against him if he breaches this agreement. The defendant expressly waives his right to assert a statute of limitations defense if the dismissed or additional charges are initiated against him following a breach of this agreement. The defendant further understands and agrees that if the Government elects to file additional charges against him following his breach of this plea agreement, he will not be allowed to withdraw his guilty plea.

**8. Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the

offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the counts to which he has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

    **9. Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw his plea of guilty only if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that if the Court accepts his plea of guilty and this plea agreement but subsequently imposes a sentence that is outside the defendant's applicable Sentencing Guidelines range, or imposes a sentence that the defendant does not expect, like or agree with, he will not be permitted to withdraw his plea of guilty.

    **10. Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

a. The Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range, provided the sentence imposed is not "unreasonable";

b. The applicable Guidelines section for the offense of conviction is U.S.S.G. § 2G2.2, which provides for a base offense level of 22;

c. Because the material involved minors who had not yet attained the age of 12 years, the base offense level is enhanced 2 points, pursuant to U.S.S.G. § 2G2.2(b)(2);

d. Because some of the material contained sadistic or other violent sexual abuse of children, the offense level is further enhanced 4 points, pursuant to U.S.S.G. § 2G2.2(b)(4);

e. Because the offense involved the use of a computer, the offense level is further enhanced 2 points, pursuant to U.S.S.G. § 2G2.2(b)(6);

f. Because the offense involved 600 or more images, the offense level is further enhanced 5 points, pursuant to U.S.S.G. § 2G2.2(b)(7)(D);

g. The defendant has admitted his guilt and clearly accepted responsibility for his actions, and has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. Therefore, he is entitled to a three-level reduction pursuant to § 3E1.1(b) of the Sentencing Guidelines. The Government, at the time of sentencing, will file a written motion with the Court to that effect, unless the defendant (1) fails to abide by all of the terms and conditions of this plea agreement and his pretrial release; or (2) attempts to withdraw his guilty plea, violates the law, or otherwise engages in conduct inconsistent with his acceptance of responsibility;

h. The parties agree that the Court will determine the defendant's applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office;

i. The defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does not bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels. Additionally, the failure of the Court to accept these stipulations will not, as outlined in Paragraph 9 of this plea agreement, provide the defendant with a basis to withdraw his plea of guilty;

j. The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment), and any legally authorized increase above the normal statutory maximum. The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the indictment. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay;

k. The defendant understands and agrees that the factual admissions contained in Paragraph 3 of this plea agreement, and any admissions that he will make during his plea colloquy, support the imposition of the agreed-upon Guidelines calculations contained in this agreement; and

l. The parties agree that at sentencing the defendant may argue for a sentence below the applicable Guideline range, and the Government will not argue for a sentence above the applicable Guideline range.

**11. Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10, and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

**12. Change in Guidelines Prior to Sentencing.** The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

-9-

Case 4:11-cr-00101-BCW   Document 26   Filed 02/27/12   Page 9 of 15

**13. Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

    a. oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

    b. comment on the evidence supporting the charges in the indictment;

    c. oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court chooses not to follow any recommendation made by the United States; and

    d. oppose any post-conviction motions for reduction of sentence, or other relief.

**14. Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that he has been advised of, understands, and knowingly and voluntarily waives the following rights:

    a. the right to plead not guilty and to persist in a plea of not guilty;

    b. the right to be presumed innocent until his guilt has been established beyond a reasonable doubt at trial;

    c. the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

    d. the right to confront and cross-examine the witnesses who testify against him;

    e. the right to compel or subpoena witnesses to appear on his behalf; and

    f. the right to remain silent at trial, in which case his silence may not be used against him.

The defendant understands that by pleading guilty, he waives or gives up those rights and that there will be no trial. The defendant further understands that if he pleads guilty, the Court may ask him questions about the offense or offenses to which he pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making a false statement. The defendant also understands he has pleaded guilty to a felony offense and, as a result, will lose his right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

15. **Waiver of Appellate and Post-Conviction Rights.**

   a. The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement he waives his right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.

   b. The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

16. **Sex Offender Registration.** Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender

-11-

registration requirements, and that those requirements may apply throughout his life.  The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information.  Defendant shall comply with requirements to periodically verify in person his sex offender registration information.  Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements in whatever state he resides following release from prison, and he will be subject to the registration requirements of that state.  Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

As a condition of supervised release, defendant shall initially register with the state sex offender registration in *Missouri*, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer.  The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information.  Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

17.     **Defendant Will Surrender to Custody At The Plea.**  The defendant understands that the crime to which he is pleading, receipt of child pornography, is a "crime of violence," as defined by 18 U.S.C. § 3156(a)(4)(C).  Accordingly, pursuant to 18 U.S.C. § 3143(a)(2), the Court must detain the defendant after he pleads guilty to the offense.  The defendant hereby

agrees not to contest his detention immediately after the guilty plea, and to surrender to the custody of the U.S. Marshals at that time.

18. **Waiver of FOIA Request.** The defendant waives all of his rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

19. **Waiver of Claim for Attorney's Fees.** The defendant waives all of his claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

20. **Defendant's Breach of Plea Agreement.** If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw his plea of guilty.

The defendant also understands and agrees that in the event he violates this plea agreement, all statements made by him to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by him before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against him in any and all criminal

-13-

proceedings. The defendant waives any rights that he might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by him subsequent to this plea agreement.

21. **Defendant's Representations.** The defendant acknowledges that he has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that he is satisfied with the assistance of counsel, and that counsel has fully advised him of his rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, his attorneys or any other party to induce him to enter his plea of guilty.

22. **No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement or any written supplemental agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

23. **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any

-14-

drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

                                                          Beth Phillips
                                                          United States Attorney

Dated: 2/27/2012                            */s/ Katharine Fincham*
                                                          Katharine Fincham
                                                          Assistant United States Attorney

     I have consulted with my attorney and fully understand all of my rights with respect to the offenses charged in the indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

Dated: 2/27/2012                            */s/ Andrew M. Jones*
                                                          Andrew M. Jones
                                                          Defendant

     I am defendant Andrew M. Jones' attorney. I have fully explained to him his rights with respect to the offenses charged in the indictment. Further, I have reviewed with him the provisions of the Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this plea agreement with him. To my knowledge, Andrew M. Jones' decision to enter into this plea agreement is an informed and voluntary one.

Dated: 2/27/2012                            */s/ Laine T. Cardarella*
                                                          Laine T. Cardarella
                                                          Attorney for Defendant